**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**STEPNEY CLARK** **PETITIONER**

**V.** **CIVIL ACTION NO. 3:16CV512 CWR-LRA**

**LEPHER JENKINS** **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Stepney Clark filed a petition for federal habeas corpus relief on June 27, 2016. Having reviewed the record and all applicable law, the undersigned recommends that his petition be dismissed without prejudice for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

On November 19, 2014, Clark pled guilty to one count of possession of a stolen firearm, and three counts of possession of a firearm by a convicted felon in the Circuit Court of Hinds County, Mississippi. He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, with ten years suspended, and three years supervised probation on each count. The sentences were ordered to run concurrently. In August 2015, the Hinds County Circuit Court revoked Clark's probation after he violated the terms of his post-release supervision. He was sentenced to eight years in the custody of the Mississippi Department of Corrections. On June 3, 2016, the circuit court entered an order denying Clark's Motion to Vacate Erroneous Sentence, Motion for Re-Sentencing and to Set Aside Order of Revocation of Suspended Sentence,

Motion for Reconsideration of Sentence, and Motion for Expedited Post-Conviction Relief. Aggrieved, Clark appealed the trial court's decision, and the record indicates that the matter is still pending in the Mississippi Supreme Court.[1] On June 27, 2016, Clark filed the instant petition for habeas relief alleging that his sentence was illegal and a violation of his right to due process.[2]

Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[3] *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court

---

[1] Clark subsequently filed a motion to expedite his appeal which was subsequently denied on August 11, 2016.

[2] ECF No. 11-1 – 11-5.

[3] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

for review. *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Clark argues that he has properly exhausted his remedies as evidenced by his motion to expedite post-conviction relief that he filed with the Mississippi Court of Appeals. That motion was denied. Further, it is of no consequence because there has been no ruling on the merits. Exhaustion is a mandatory prerequisite for federal review and is not complete until the state's highest court has had a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Clark's claims are currently unexhausted and therefore precluded from federal review.

Petitioner does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner is HEREBY cautioned that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so.

For these reasons, the Court finds that his petition should be dismissed without prejudice for failure to exhaust available state court remedies.

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); Douglas v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 1st day of November 2016.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE